UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

JOSEPH RODEHORST,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JOSEPH RODEHORST, by and through his undersigned counsel, sues the Defendant, WALMART INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MR. RODEHORST under the Americans with Disabilities Act of 1990 ("ADA"), as amended including by the ADA Amendments Act of 2008, and the Florida Civil Rights Act of 1992 ("FCRA) to redress injuries done to him by the Defendant, WALMART, INC.

2. The unlawful acts which gave rise to this Complaint occurred within Charlotte County, Florida during the term of Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Charlotte County Florida and is otherwise *sui juris*.

4. As an individual with a disability, Plaintiff is a member of a protected class under the ADA and the FCRA because the terms, conditions, and privileges of his employment were altered because of his disability.

5. Defendant is a privately-owned business. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. At all times material hereto, Defendant has employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADA and the FCRA.

7. At all times material hereto, Defendant was a covered employer within the meaning and contemplation of the ADA in that it employed more than 20 employees.

8. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

9. Plaintiff's charge was filed within 300 days after the last instance of discrimination occurred.

10. Plaintiff was issued a Notice of Right to Sue on August 20, 2019. This suit is filed in accordance with that Notice and within the applicable ninety-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

11. On June 4, 2019, the EEOC issued a letter of determination and established that the Defendant discriminated against the Plaintiff.

12. All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived, preferred, or excused.

13. Plaintiff has retained the undersigned law firm as his legal counsel in connection with this action, and is obligated to pay reasonable attorney's fees and all costs incurred in connection with this action.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

14. Plaintiff worked for Defendant in Florida from approximately March 2016 until he was wrongfully terminated on June 30, 2017. The Plaintiff worked initially as a self-checkout host and then as a cashier. Initially, the Plaintiff worked for the Defendant in Colorado from August 2014 through November 2015 as a door greeter.

15. Plaintiff's primary duties and responsibilities included but not limited to monitoring and assisting customers and running a cash register. Plaintiff was qualified to perform his job duties and responsibilities in that he received training and/or had prior experience.

16. When the Plaintiff first began working for the Defendant, they knew of his disability and, as an accommodation, placed him in in self-checkout. As per the Plaintiff's doctor, he could not lift more than ten pounds. In the self-checkout position, Plaintiff was not required to lift more than ten pounds.

17. On or about March 2, 2017, Ms. Cheryl Parbus, Assistant Manager, falsely accused the Plaintiff of aiding a customer to shoplift. The Plaintiff was out of the store on break during the alleged shoplifting incident.

18. Despite Ms. Parbus having no video proof or evidence of the allegation, and despite the fact that Plaintiff was not in the store because he was on break during the alleged shoplifting incident, she gave the Plaintiff a write-up.

19. On the Plaintiff's next shift, he met with Mr. Wade Stevens, Store Manager, and reported Ms. Parbus due to her false accusation and the write-up. Mr. Stevens said that he would look into it.

20. Shortly after the Plaintiff met with Mr. Stevens, Ms. Parbus removed the Plaintiff from the self-checkout position and placed him as a cashier, which position would require him to lift items in excess of ten pounds in direct violation of his reasonable accommodation and limitations due to his disability. Ms. Parbus even said to the Plaintiff, "I do not care about your disabilities."

21. As a cashier, the Plaintiff was now forced to lift more than ten pounds. As a result of this violation of his disability-related limitations, Plaintiff's symptoms worsened.

22. At least one of Plaintiff's symptoms would have been alleviated by allowing him to drink water throughout his shift. Defendant refused to allow Plaintiff to drink water throughout his shift.

23. The Plaintiff reported Ms. Parbus to Shelly Allman, Market Manager, and Ken Ellis, Market Resource Manager. Mr. Ellis said that he would look into it but never got back to the Plaintiff and nothing changed with respect to the violation of Plaintiff's reasonable accommodation.

24. The Plaintiff then called the Regional Manager and spoke to someone in his office. The Plaintiff provided a complete summary of everything that had occurred.

25. Shortly after, the Plaintiff received a call back from Mr. Ellis who said he would speak to Mr. Stevens and see what was going on.

26. A few days later, Mr. Stevens called the Plaintiff into his office and said that he was sending the Plaintiff home until he files for a leave of absence. The Plaintiff told Mr. Stevens

that he did not want to file a leave of absence. Mr. Stevens sent the Plaintiff home anyways. The Plaintiff never requested a leave of absence. He just wanted to return to his original position in self-checkout.

27. Shortly after being sent home, the Plaintiff received a letter stating he had been terminated as of June 30, 2017.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")
**(Discrimination on the Basis of Disability)**

28. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

29. The ADA forbids discrimination on the basis of disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

30. Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

31. At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

32. The discrimination against Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability.

33. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

34. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

35. Plaintiff was qualified for the position.

36. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

37. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

38. Defendant's reassignment of Plaintiff to a new position in violation of his request for reasonable accommodation and Defendant's failure to reasonably accommodate Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he had a disability.

39. Any allegedly nondiscriminatory reason for the Defendant's reassignment of Plaintiff and failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the reassignment and failure to reasonably accommodate Plaintiff; *interalia* Plaintiff's disability.

40. As a result of Defendant's violation, Plaintiff has suffered damages.

41. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and

suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the ADA for emotional distress, liquidated damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Disability)**

42. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here, and says:

43. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

44. Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

45. At all relevant and material times, Defendant failed to comply with the FCRA.

46. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability.

47. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

48. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

49. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

50. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his disability in violation of the FCRA.

51. Defendant's reassignment of Plaintiff to a new position in violation of his request for reasonable accommodation and Defendant's failure to reasonably accommodate Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he has a disability, in violation of the FCRA.

52. Any allegedly nondiscriminatory reason for the Defendant's reassignment of Plaintiff and failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the reassignment and failure to reasonably accommodate Plaintiff; *interalia* Plaintiff's disability.

53. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his disability. The discrimination on the basis of disability constitutes unlawful discrimination.

54. As a result of Defendant's violation, Plaintiff has suffered damages.

55. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and

suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for emotional distress, liquidated damages, punitive damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF ADA
**(Retaliation)**

56. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

57. Plaintiff suffered from a disability as that term is defined under the ADA.

58. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

59. Defendant is an employer as that term is defined under the ADA.

60. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining of discrimination against him by *inter alia*, reassigning him to a position that directly violated his reasonable accommodation, requiring Plaintiff to go on a leave of absence, removing Plaintiff from the schedule, and terminating Plaintiff.

61. As a result of Defendant's violation, Plaintiff has suffered damages.

62. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and

suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

63. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

64. Plaintiff suffered from a disability as that term is defined under the FCRA.

65. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

66. Defendant is an employer as that term is defined under the FCRA.

67. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining of discrimination against him by *inter alia*, reassigning him to a position that directly violated his reasonable accommodation, requiring Plaintiff to go on a leave of absence, removing Plaintiff from the schedule, and terminating Plaintiff.

68. As a result of Defendant's violation, Plaintiff has suffered damages.

69. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and

suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 18th day of November, 2019.

By: s/Michelle Cohen Levy
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff